IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LESLIE FRANCE, : | |
| Petitioner, : | |
| v. : | CIVIL ACTION 16-00301-CG-M |
| UNITED STATES OF AMERICA, : | CRIMINAL ACTION 09-00077-CG-M |
| Respondent. : | |

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 102). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Petitioner's Motion to Vacate (Doc. 102) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Leslie France. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

France was indicted on March 26, 2009 for two counts of conspiring to distribute crack cocaine (Counts 1, 6) in

1

violation of 21 U.S.C. § 846, two counts of distributing crack cocaine (Counts 2, 10) in violation of 21 U.S.C. § 841(a)(1), one count of possessing a firearm while drug trafficking (Count 4) in violation of 18 U.S.C. § 924(c), and three counts of distributing marijuana (Counts 7, 9, 11) in violation of 21 U.S.C. § 841(a)(1) (Doc. 1).  On June 10, 2009, Petitioner entered into a Plea Agreement (Doc. 23); eight days later, in open Court, he pled guilty to Counts 1, 4, and 10 (Doc. 31).  On June 11, 2010, U.S. District Court Judge Granade sentenced France to 300 months, each, on Counts 1 and 10, to be served concurrently, and 60 months on Court 4, to be served consecutively to the 300-month sentence; additionally, Petitioner was sentenced to eight, five, and ten years (on Counts 1, 4, and 10, respectively) of supervised release, all to be served concurrently, following his release from prison, and an assessment of three hundred dollars (*see* Doc. 76).  France did not appeal his conviction (*see* Doc. 102, p. 2).

Petitioner filed his Motion to Vacate on June 15, 2016 in which he raises the single claim that he should be resentenced, under a United States Supreme Court decision, *Johnson v. United States*, 576 U.S. ---, 135 S.Ct. 2551, 2557-58, 2563 (2015), on the conviction for felon in possession of a firearm (Doc. 102). Respondent filed a response on July 25, 2016 (Doc. 104) to which

France replied (Doc. 106).

Petitioner has argued that he was improperly sentenced as a career offender under 18 U.S.C. § 924(c) as found recently in *Johnson*. The Eleventh Circuit Court of Appeals, in *In re Hines*, --- F.3d ---, 2016 WL 3189822 (11th Cir. June 8, 2016), characterized the *Johnson* decision as follows:

> In *Johnson*, the Supreme Court held that the residual clause of the [Armed Career Criminal Act (hereinafter *ACCA*)] is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. *Johnson*, 576 U.S. at ---, ---, 135 S.Ct. 2551, at 2557-58, 2563. The Supreme Court made clear that its holding that the residual clause is void did not call into question the validity of the elements clause and the enumerated crimes of the ACCA's definition of a violent felony. *Id.* at ---, 135 S.Ct. at 2563. In *Welch v. United States*, 578 U.S. ---, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), the Supreme Court held that *Johnson* announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review.

*In re Hines*, 2016 WL 3189822, *1.

In this action, France's Presentence Investigation Report (hereinafter *PSR*) indicated that the federal charge against him was "a felony crime of violence or controlled substance offense; and the defendant has at least two prior felony convictions for crimes of violence and/or controlled substance offenses as

3

detailed in 'PART B,'" making Petitioner a career offender (Doc. 56, ¶ 29). Part B of the PSR demonstrates that France was convicted of multiple controlled substance offenses prior to his being sentenced on the charges in this Court (Doc. 56, ¶¶ 36, 37, 38, 40). Two convictions, both for first-degree possession of marijuana, specifically reference France's possessing amounts of marijuana "for other than personal use" (*see id.* at ¶¶ 36-37).

The relevant portion of the statute under which Petitioner was sentenced states as follows:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A)(i). The Eleventh Circuit Court of Appeals has held that Alabama convictions for first-degree marijuana possession qualified as a predicate offense for career

4

offender enhancement purposes. *United States v. Goodlow*, 389 F.App'x 961, 968 (11th Cir. 2010).

The undersigned finds that the evidence shows that France was sentenced as a career offender because of his drug trafficking crimes and not because of prior crimes of violence. As such, *Johnson* is inapplicable here. Petitioner's claim otherwise is without merit.

Therefore, it is recommended that the petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Leslie France.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the merits of a claim are reached, a COA should issue only

when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court has found that France failed to assert sufficient facts to support a claim of constitutional error, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. It is suggested that Petitioner will not be able to make that showing.

## CONCLUSION

It is recommended that Petitioner's Motion to Vacate be denied (Doc. 102) and that this action be dismissed. It is further recommended that judgment be entered in favor of Respondent, the United States of America, and against Leslie France. Finally, it is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within

fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 31st day of August, 2015.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE